**<u>NOT FOR PUBLICATION</u>**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| LAMONT FITCH, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 19-17945 (MAS) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| LARRY SHULTS, | : | |
| | : | |
| Respondent. | : | |
| | : | |

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (the "Petition") by *pro se* Petitioner Lamont Fitch, a convicted prisoner currently confined at USP Beaumont in Beaumont, Texas. (ECF No. 2.) Petitioner originally filed the Petition in the United States District Court for the Eastern District of Texas. (*See id.*) The Eastern District of Texas construed the Petition as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 because the Petition seeks to challenge the validity of Petitioner's 1999 conviction of armed robbery and related offenses in this District. (*See* ECF No. 3); *see also United States v. Fitch*, Crim. No. 98-179, ECF No. 87 (D.N.J. Mar. 25, 1999). Accordingly, and in the interests of justice, the Petition was transferred to this District.

Petitioner has previously filed two § 2255 motions in this Court. The first, filed in 2010, was denied by the Honorable Garrett E. Brown as barred by the statute of limitations. *Fitch v. United States*, Civ. No. 10-4619, ECF No. 2 (D.N.J. Sept. 17, 2010). In 2018, Petitioner filed a second § 2255 motion, which this Court dismissed for lack of jurisdiction as the motion constituted a second or successive petition. *Fitch v. United States*, Civ. No. 18-3363, ECF No. 3 (D.N.J. Apr. 24, 2018).

The Court agrees with the decision of the Eastern District of Texas construing Petitioner's motion as one under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Petitions under § 2241 "can be used to challenge some aspect of the execution of a federal inmate's sentence, such as a denial of parole." *In re Cardona*, 577 F. App'x 92, 93 (3d Cir. 2014). Correspondingly, "[t]he presumptive means for a federal prisoner to challenge the validity of a conviction or sentence . . . is a motion filed pursuant to § 2255 in the sentencing court." *Id.* Here, Petitioner's claims relate to his underlying conviction and sentence and, therefore, the Court will construe the Petition as one arising under § 2255.[1]

Nevertheless, the Court lacks jurisdiction over Petitioner's claims. Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Before a district court may entertain a second or successive motion, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "When a second or successive habeas petition is erroneously filed in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Brand v. New Jersey*, No. 15-3206, 2015 WL 2353123, at *2 (D.N.J. May 14, 2015) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

---

[1] Petitioner asserts that a motion under 28 U.S.C. § 2255 is "inadequate or ineffective" to challenge his conviction and sentence because his prior § 2255 petitions have been dismissed on procedural grounds. This is insufficient to entitle him to the "safety valve" provision of § 2255, which is only available where "the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law." *Johnson v. Ortiz*, No. 17-2776, 2017 WL 2964798, at *2 (D.N.J. July 11, 2017) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)); *see also In re Dorsainvil*, 119 F.3d 245, 248–54 (3d Cir. 1997).

28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds
> that there is a want of jurisdiction, the court shall, if it is in the
> interest of justice, transfer such action . . . to any other such court . .
> . in which the action or appeal could have been brought at the time
> it was filed.

Here, Petitioner has filed a third § 2255 motion. The Court finds, however, that it is in the interests

of justice to transfer the petition to the Third Circuit. Section 2255(h) provides that a petitioner

may proceed with a second or successive petition under § 2255 where it is based on:

> (1) newly discovered evidence that, if proven and viewed in light of
> the evidence as a whole, would be sufficient to establish by clear
> and convincing evidence that no reasonable factfinder would
> have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on
> collateral review by the Supreme Court, that was previously
> unavailable

The Court construes the Petition to challenge Petitioner's convictions under 18 U.S.C. § 924(c)

pursuant to the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019),

which held that § 924(c)(3)(B) is unconstitutionally vague.[2] As this basis for relief relates to the

application of a new rule of constitutional law,[3] it is in the interests of justice to transfer this case

---

[2] In addition to his claim challenging his conviction under § 924(c), Petitioner raises two additional claims that appear to relate to Judge Brown's denial of first § 2255 Petition and the denial of a § 2255 previously filed in the United States District Court for the Eastern District of Kentucky. (Pet. 8.)

[3] The Third Circuit recently authorized approximately 200 second or successive petitions which raise claims pursuant to *Davis*, finding that the gatekeeping requirements of 28 U.S.C. § 2244 were met. *See In re Matthews*, 934 F.3d 296 (3d Cir. 2019). Other courts that have considered whether *Davis* sets forth a new rule of constitutional law for the purpose of § 2255(h) have determined that it does so. *See, e.g.*, *United States v. Reece*, 938 F.3d 630, 634–36 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1036–39

to the Third Circuit Court of Appeals for consideration of whether this Court is authorized to consider Petitioner's successive application for relief under § 2255. *See* § 2255(h).

**IT IS** therefore on this 20<u>th</u> day of <u>March</u>, 2020,

**ORDERED** that the Clerk shall transfer Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (ECF No. 2), to the United States Circuit Court of Appeals for the Third Circuit;

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Plaintiff by regular mail; and it is further

**ORDERED** that the Clerk shall mark this matter as CLOSED.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

(11th Cir. 2019); *see also Middleton v. Ebbert*, No. 19-1337, 2019 WL 3532163, at \*2 (M.D. Pa. Aug. 2, 2019) (adopting the reasoning of *Hammoud*).