UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAMONT FITCH,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.

Civil Action No. 19-17945 (MAS)

**MEMORANDUM AND ORDER**

Petitioner Lamont Fitch is proceeding pro se with an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255. (Am. Pet., ECF No. 11.) Presently before the Court is Petitioner's "Motion to Concede." (Mot., ECF No. 17.) The Motion's sole argument appears to be that this Court should grant his Amended Petition and release him from custody because Respondent did not timely file their answer. (*Id.* at 2[1].) The Court construes Petitioner's Motion as one for default judgment. *See George v. United States*, No. 17-2641, 2018 WL 1064220, at *1 (D.N.J. Feb. 27, 2018).

A respondent's untimely answer is not grounds to grant default judgement in a habeas proceeding. *In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015); *see also Riley v. Gilmore*, No. 15-351, 2016 WL 5076198, at *1 n.2 (E.D. Pa. Sept. 20, 2016), *certificate of appealability denied sub nom. Riley v. Superintendent Greene SCI*, No. 16-3954, 2017 WL 5068120 (3d Cir. Feb. 9, 2017); *Nesmith v. Common Pleas Ct. of Philadelphia Cty.*, No. 09-4356, 2010 WL 3278042, at *1 (E.D. Pa. Aug. 16, 2010). "Even if the Government had failed to respond to the § 2255 motion, it does not follow that [the petitioner] is entitled to a default judgment." *In re West*, 591 F. App'x at 54

---

[1] Page numbers for this document refer to those located on the ECF header.

n.3. Simply stated, "[d]efault judgment is inapplicable in the habeas context." *Riley*, 2016 WL 5076198, at *1 n.2.

Here, Respondent *did*, in fact, file an answer to Petitioner's § 2255 and default judgment, even if applicable to this proceeding, is not warranted. (Answer, ECF No. 22.) As Petitioner points out, Respondent's answer was not filed within the original 60 days provided by the Court. However, good cause existed for the Government's "delay" in response. *See* L. Civ. R. 81.2(d) (providing that the Court may extend a respondent's time to file an answer for good cause shown). Petitioner's § 2255 was initially filed in the United States District Court for the Eastern District of Texas, the district in which Petitioner is confined. (Pet., ECF No. 2.) The matter was subsequently transferred to the District of New Jersey where Petitioner's conviction occurred. (Transfer Order, ECF No. 3.) On May 21, 2020, this Court issued an Order to Answer directing Respondents to file an answer within 60 days. (Order to Answer, ECF No. 12.) As a result of the petition's initial filing in the Eastern District of Texas, however, the Order to Answer was not sent to the proper Respondent. (Order, Jul. 29, 2020, ECF No. 16.) Therefore, on July 29, 2020, the Court issued another Order directing the Clerk of the Court to send a copy of the Amended Petition and the Court's Order to Answer to the proper Respondent, the United States Attorney's Office for the District of New Jersey. (*Id.*) The Court's July 29th Order provided Respondent with an additional 60 days to file their answer. (*Id.* at 2.)

On September 1, 2020, Respondent requested an extension of time, until October 2, 2020, to file an answer. (Extension Request, ECF No. 20.) The Court granted Respondent's request, (Order, Sept. 3, 2020, ECF No. 21), and Respondents filed their Answer on October 2, 2020, (Answer, ECF No. 22).

Given these circumstances, the Court does not find that Respondent's Answer was untimely filed.  Even if Respondent's Answer had been untimely, the Court would still not find that Petitioner was entitled to automatic relief on his habeas petition or a default judgment. Accordingly, Petitioner's Motion to Concede is denied.

**IT IS** on this 26th day of March, 2021,

**ORDERED** that Petitioner's Motion to Concede (ECF No. 17) is DENIED; and it is further

**ORDERED** that the Clerk shall send a copy of this Memorandum and Order to Petitioner by regular U.S. mail.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**