**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAMONT FITCH, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Action No. 19-17945 (MAS) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner Lamont Fitch's amended motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 11.) Following an order to answer, the Government filed a response to the amended motion (ECF No. 22), to which Petitioner replied. (ECF No. 30.) For the following reasons, this Court will deny the amended motion, and will deny Petitioner a certificate of appealability.

**I.     BACKGROUND**

On December 18, 1998, Petitioner was charged by way of a nine-count superseding indictment with one count of conspiracy to commit Hobbs Act armed robbery in violation of 18 U.S.C. § 1951, five substantive counts of Hobbs Act armed robbery in violation of 18 U.S.C. § 1951, and three counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (PSR at ¶1). Each of the three § 924(c) charges related to one of three substantive Hobbs Act armed robbery charges. (*Id.*) Following a three-week trial before Judge Garrett E. Brown, Jr., Petitioner was found guilty on all nine counts of the superseding indictment. (*Id.* at ¶2.) On March

25, 1999, Judge Brown sentenced Petitioner to a total sentence of 802 months imprisonment consisting of 240 months imprisonment each to run concurrently with one another on the conspiracy charge and four of the Hobbs Act robbery charges, 22 months on the final Hobbs Act robbery charge to run consecutively to the 240-month term, a mandatory 60-month term on one of the § 924(c) charges, and two mandatory consecutive 240-month prison terms on the two remaining § 924(c) charges. (ECF No. 2-1 at 1-2.) Petitioner appealed, and his sentence was affirmed by the Third Circuit. *See U.S. v. Fitch*, 229 F.3d 1139 (2000). The United States Supreme Court thereafter denied his petition for certification. *Fitch v. U.S.*, 531 U.S. 1027 (2000).

Petitioner made several attempts at filing an initial motion to vacate sentence under § 2255, which ultimately resulted in his operative first motion being denied as untimely in 2010. *Fitch v. U.S.*, No. 10-4619, 2010 WL 3733020 (D.N.J. Sept. 17, 2010). Following the Supreme Court's recent decision in *U.S. v. Davis*, --- U.S. ---, 139 S. Ct. 2319 (2019), Petitioner filed a successive motion to vacate sentence (ECF No. 2), which was transferred to this Court in September 2019. (ECF No. 4.) In May 2020, the Third Circuit granted Petitioner leave to proceed with his successive motion. (ECF No. 10.) Petitioner thereafter filed an amended motion to vacate sentence. (ECF No. 11.) In his amended motion to vacate sentence, Petitioner presents a single claim[1] – that he believes that his § 924(c) convictions must be vacated as he thinks that they were

---

[1] In his originally filed motion, Petitioner raised two additional claims – that he was "denied equal protection" when his original § 2255 motion was dismissed as untimely in 2010, and that he is actually innocent of assault charges of which he was convicted in federal court in Kentucky due to "duress" for reasons set forth in a dismissed § 2255 motion filed in the Eastern District of Kentucky. It does not appear that Petitioner sought, or was granted, permission to proceed on a successive motion to vacate sentence on either of these claims. Even were those claims before this Court, however, this Court has no jurisdiction to second guess or overturn the decision of Judge Brown as to Petitioner's first § 2255 motion. Petitioner's first motion remains time barred for the reasons set forth by Judge Brown, *see Fitch*, 2010 WL 3733020 at *3, and this Court is utterly without jurisdiction to address convictions entered in Kentucky through a § 2255 motion. *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (challenge to conviction must be brought through a § 2255 motion filed in the *sentencing* court). Thus, to the

2

based on his conspiracy charge, which he asserts is no longer a crime of violence following the Supreme Court's decision in *Davis*. (*Id*.)

## II. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *U.S. v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. U.S.*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. U.S.*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

## III. DISCUSSION

### A. No Evidentiary Hearing Is Necessary In This Matter

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *U.S. v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005); *U.S. v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge,

---

extent that Petitioner intended to raise those claims before this Court in his amended motion, they are dismissed without prejudice for lack of jurisdiction.

3

conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. U.S.*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also U.S. v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's *Davis* claim is clearly without merit for the reasons expressed below, no evidentiary hearing is necessary in this matter.

    **B.**    **Petitioner's *Davis* Claim**

In his amended motion to vacate sentence, Petitioner argues that his § 924(c) convictions must be overturned because they are dependent upon his conviction for conspiracy to commit Hobbs Act robbery, which he contends is no longer a crime of violence sufficient to support a § 924(c) conviction. Section 924(c) criminalizes the use, carrying or possession of a firearm in furtherance of a drug trafficking crime or crime of violence. Here, only the latter type of crime – crime of violence – is at issue. As explained by the Supreme Court in *Davis*, under the statute, a crime will qualify as a crime of violence only when it satisfies one of two alternative clauses – the statute's elements clause, § 924(c)(3)(A), or the statute's residual clause, § 924(c)(3)(B). *Davis*, 139 S. Ct. at 2324. In *Davis*, the Supreme Court invalidated the residual clause of 18 U.S.C. § 924(c) as unconstitutionally vague, but left in place the statute's remaining elements clause. *Davis*, 139 S. Ct. at 2325-2333. Thus, after *Davis* a crime will only qualify as an underlying crime of violence for a § 924(c) charge where it meets the elements clause of § 924(c). *Id.* Under the elements clause, a crime constitutes a valid "crime of violence" where the "offense is a felony" and it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 2324.

In this matter, Petitioner mistakenly believes that his § 924(c) convictions are dependent upon his conviction for conspiracy to commit Hobbs Act armed robbery. They are not. As

4

Petitioner's presentence report and judgment both make abundantly clear, Petitioner's three § 924(c) convictions each arise from one of the numerous substantive Hobbs Act armed robbery charges for which Petitioner was convicted. (PSR at ¶ 1; ECF No. 2-1 at 1–2.) Thus, so long as a substantive Hobbs Act robbery charge qualifies as a crime of violence, Petitioner is not entitled to relief on his *Davis* claim. As the Third Circuit recently explained in its decision in *U.S v. Walker*, 990 F.3d 316, 325-26 (3d Cir. 2021), "completed Hobbs Act robbery necessarily has as an element the use, attempted use, or threatened use of physical force against the person or property of another and is therefore categorically a crime of violence" sufficient to support a conviction under § 924(c). As each of Petitioner's Hobbs Act robbery charges remains a crime of violence sufficient to support a § 924(c) conviction, and as each of his § 924(c) charges rests on a completed, substantive Hobbs Act robbery charge and *not* the conspiracy of which he was also convicted, Petitioner's § 924(c) convictions remain entirely lawful and proper following *Davis*. Petitioner is thus not entitled to relief on his *Davis* claim, and his amended motion to vacate sentence is therefore denied.[2]

## C. **Certificate Of Appealability**

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a

---

[2] In his reply brief, Petitioner belatedly argues that his § 924(c) convictions should be vacated as they are "factually" related to his conspiracy count because each of the three supporting, completed Hobbs Act robberies were related to that conspiracy. Petitioner entirely misapprehends the analysis to be applied in evaluating a claim under *Davis*; the issue is not whether a § 924(c) conviction is in some way metaphysically "connected" to a conviction which is not a crime of violence, but rather whether the stated supporting conviction categorically qualifies as a crime of violence regardless of the specific facts of a given Petitioner's case. *See Walker*, 990 F.3d at 324-26. Conspiracy charges are often interrelated with several substantive, completed offenses. This connection does not somehow render invalid otherwise valid § 924(c) predicate completed offenses. Petitioner's substantive, completed Hobbs Act robbery convictions are clearly valid predicates, and Petitioner's § 924(c) convictions thus remain perfectly valid. *Id.*

constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner's *Davis* claim is clearly without merit for the reasons set forth above, he has failed to make a substantial showing of a denial of a constitutional right, and his amended motion is not adequate to receive encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability.

### IV.   CONCLUSION

For the reasons set forth above, Petitioner's amended motion to vacate sentence (ECF No. 11) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE